Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5137 | **DATE** | ½/2002 |
| **CASE TITLE** | | Cunningham vs. Massanari | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Enter memorandum opinion and order on plaintiff's motion for summary judgment and defendant's motion for summary judgment. Plaintiff's motion for summary judgment is granted insofar as it requests a remand of the ALJ's decision. Defendant's motion for summary judgment is denied. The cause is hereby remanded to the Commissioner of Social Security for further proceedings consistent with this opinion. Judgment is entered pursuant to Rule 58 F.R.C.P.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JAN 04 2002 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 1/3/2002 date mailed notice | |
| SM courtroom deputy's initials | | Date/time received in central Clerk's Office | SM mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BEN CUNNINGHAM )
)
    **Plaintiff,** )
)
v. ) Case No. 00 C 5137
)
LARRY G. MASSANARI, Acting ) Magistrate Judge Ian H. Levin
Commissioner of the Social Security )
Administration, )
)
    **Defendant.** )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ben Cunningham ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner (the "Commissioner") of the Social Security Administration denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). Before the Court are the parties cross-motions for summary judgment. For the reasons set forth below, the Court remands the cause for proceedings consistent with this opinion.

## STATEMENT OF THE CASE AND FACTS

The background case facts are, essentially, not in dispute. See Plaintiff's memorandum, pp. 2-11, and Defendant's memorandum, pp. 1-7, both of which are thus incorporated herein by reference.

## STATUTORY AND REGULATORY FRAMEWORK

To receive disability benefits, a DIB claimant must be "disabled" as defined by the Social Security Act. *See* 42 U.S.C.§ 423(a)(1)(D); 42 U.S.C. § 1382(a); *Pope v. Shalala*, 998 F.2d 473, 477

(7th Cir. 1993). An individual is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). *See also Jones v. Shalala*, 10 F.3d 522, 523-24 (7th Cir. 1993). To satisfy this definition, an individual must have a severe impairment that renders him unable to do his previous work or any other substantial gainful activity that exists in the national economy. *See* 20 C.F.R. § 404.1505(a).

The Social Security regulations delineate a five-step process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The Administrative Law Judge ("ALJ") first considers whether the claimant is presently employed or "engaged in substantial gainful activity." 20 C.F.R. § 404.1520(b). If he is, the claimant is not disabled and the evaluation process is over; if he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments which "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. Pt. 404, Subpt. P, App.1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. *See Brewer*, 103 F.3d at 1391.

If the impairment does not so limit the claimant's remaining capabilities, the fourth step is that the ALJ reviews the claimant's "residual functional capacity ("RFC") and the physical and mental demands of his past work. RFC is a measure of what an individual can do despite the limitations imposed by his impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). *See also* Social Security Ruling 96-8p (1996). If the claimant can perform his past relevant work, he will be found

2

not disabled. *See* 20 C.F.R. § 404.1520(e).

For the fifth step, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant -- in light of his age, education, job experience and functional capacity to work -- is capable of performing other work and that such work exists in the national economy. *See* 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f). *See also Brewer*, 103 F.3d at 1391.

## **THE ALJ's DECISION**

The ALJ initially found that Plaintiff met the disability insured status requirements of the Act from May 31, 1996 (the date Plaintiff stated he was unable to work) through October 22, 1998 (the date of the ALJ's decision). (R. 19.) The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 31, 1996. (R. 19.) The ALJ determined that Plaintiff has the following medically determinable impairments: atypical chest pain;[1] mild degenerative changes in the lower lumbar spine; moderate obesity; and emphysematous changes in the lungs. (R. 19.) While the ALJ found that Plaintiff's impairments were "severe," he does not have an impairment, or combination of impairments listed in, or medically equivalent to one listed in, the Listing of Impairments. (R. 19.) (Appendix 1, Subpart P, Regulations No. 4).

The ALJ, then, determined that Plaintiff has the RFC to perform "medium" work which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." (R. 13.) 20 C.F.R. § 404.1567(c). Plaintiff, thus, has an exertional

---

[1]Plaintiff opens his reply brief by stating that there is no place in the record where Plaintiff is diagnosed with "atypical chest pain," as the ALJ found (Finding 3). Plaintiff states, and the record is, that he is diagnosed with atrial fibrillation which, Plaintiff submits, is a heart rhythm disturbance that causes an irregular and sometimes very fast heart beat. Pl.'s Reply at 1-2.

limitation of lifting and/or carrying 50 pounds occasionally and 25 pounds frequently. (R. 13.) The ALJ also found that Plaintiff has nonexertional restrictions of only occasionally climbing ladders, ropes and scaffolds, and needs to avoid concentrated exposure to working at heights. 20 C.F.R. § 405.1545. The ALJ further determined that Plaintiff's past relevant work as a box maker and washer did not require the performance of work-related activities precluded by the above limitation. (R. 19.) 20 C.F.R. § 404.1565. The ALJ, therefore, concluded that Plaintiff is capable of performing his past relevant work. (R. 19.)

The ALJ further determined that Plaintiff's description of the nature and degree of his impairments were not supported by medical and other objective evidence, and is therefore, not fully credible. (R. 19.)

Accordingly, the ALJ found that Plaintiff was not disabled under the terms of the Act (including the period of May 31, 1996 through October 22, 1998).

## **DISCUSSION AND ANALYSIS**

The Court finds that the threshold issue herein is Plaintiff's argument that the ALJ erred, at Step 4 of the sequential disability analysis, when he found that Plaintiff was capable of performing his past relevant work. Pl.'s Mem. at 16-17. Plaintiff states that the ALJ, erroneously, did not consider the fact that, after Plaintiff's hospitalization for heart-related problems (e.g., atrial fibrillation, enlarged heart, and cardiomegaly), Plaintiff could not perform his actual past work duties and that Plaintiff's box maker/wood working job was, then, substantially reduced, solely in order to accommodate Plaintiff's disability. *Id.* at 6-7, 12.

In this regard:

"[S]eventh Circuit decisions make it clear that the work that the claimant herself has

[actually] done is the past relevant work for a step four determination. *Bauzo v. Bowen*, 803 F.2d 917, 925-26 (7th Cir. 1986); *Delgado v. Bowen*, 782 F.2d 79, 83 (7th Cir. 1986); *Strittmatter v. Schweiker*, 729 F.2d 507, 509 (7th Cir. 1984)." *Bell v. Bowen*, 658 F.Supp. 533, 538 (N.D. Ill. 1987).

In determining whether Plaintiff could return to his past relevant work, the ALJ was "required to address two considerations . . . : "(1) the demands and requirements of [Plaintiff's] past relevant work and (2) [Plaintiff's] present physical and mental capabilities (citations omitted)." *Bauzo*, 803 F.2d at 925. Therefore, the ALJ was required to:

" . . . compare the demands of plaintiff's past work with [his] existing physical and mental capacities. [*See Strittmatter*, 729 F.2d at 509; *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1983).] Mere categorization of the work and the claimant's capacities is not enough; particulars of the job and the claimant's capacities must be considered. *See Strittmatter*, 729 F.2d at 509." *Delgado*, 782 F.2d at 83.

Herein, the record demonstrates that following Plaintiff's October, 1995 hospitalization for heart-related problems, Dr. Luis O. Bacayo, Plaintiff's treating physician, allowed him to return to work with a "light duty" restriction (no heavy lifting). (R. 233, 384.) Pl.'s Mem. at 6. When Plaintiff returned to work under Dr. Bacayo's restriction, his work load was substantially reduced in order to accommodate the changes in his health.[2] (R. 385.) Plaintiff testified that he was no longer responsible for repairing as many pallets as he had before his October, 1995 hospitalization. (R. 50.) For instance, Plaintiff reported that prior to his hospitalization, he had repaired 320 pallets per day and subsequent to his hospitalization, he had only repaired 70 pallets per day. (R. 51.) In addition, Plaintiff testified that he did not have to do as much lifting and he was allowed to take frequent breaks. (R. 50, 385.) Plaintiff also received a proportionate reduction in his wages as a result of his

---

[2]The record also indicates that, as early as January 25, 1996, Dr. Bacayo reported to the Illinois Department of Public Aid that Plaintiff's ability to perform physical activities of daily living was reduced by more than 50%. (R. 370.)

5

reduction in job duties, but continued to work for the same company until it moved out of town in May, 1996. (R. 385.)

The ALJ did not address or expressly consider any of the facts recited in the previous paragraph in his Finding(s) that Plaintiff could perform his past relevant work. Moreover, the ALJ, in his finding(s), did not, with specifics and considering "particulars of the job," "compare the demands of Plaintiff's past work" with his "existing physical ... capacities," as required at Step 4. Accordingly, the Court determines that the ALJ erred when he found that Plaintiff retained the RFC to perform his past relevant work as a box maker and washer. (R. 19.)

In short, a remand is necessary for further proceedings as to Step 4.

The Defendant's citation of footnote 11 of *Anderson v. Bowen*, 868 F.2d 921, 925 (7th Cir. 1989), respectfully, is misplaced. That footnote was addressing a Step 5 issue, not a Step 4 issue as is involved here. Similarly, Defendant's citation to the vocational expert's testimony as to work performance in the "national economy" would properly apply to a Step 5 (not Step 4) analysis, if that point is reached upon remand here.[3]

## **CONCLUSION**[4]

In view of the foregoing, Plaintiff's Motion for Summary Judgment is granted insofar as a remand is requested, and Defendant's Motion for Summary Judgment is denied. The cause is

---

[3]Too, the cited Section 42 U.S.C. § 423(d)(2) and its recitation of general principles, does not lend support to the position taken by Defendant on the step 4 issue here.

[4]In view of the Court's ruling herein, it is deemed unnecessary to consider Plaintiff's and Defendant's other arguments. Both parties can present their positions on these arguments to the ALJ upon remand.

Also, the Court finds that the record does not provide sufficient evidence to support an outright finding that the Plaintiff is disabled, as Plaintiff requests. *See Bauzo*, 803 F.2d at 926; *Garfield*, 732 F.2d at 610, n 8.

remanded to the Commissioner for further proceedings consistent with this opinion.

        **ENTER:**

        *[signature]*
        **IAN H. LEVIN**
        **United States Magistrate Judge**

Dated: January 2, 2002